# CIRCUIT COURT OF THE CITY OF RICHMOND

Colonial Downs, L.P.,
and Stansley Racing Corp.

v.

Virginia Racing Commission

January 27, 2000

Case No. HN-59

BY JUDGE T. J. MARKOW

The parties appeared on the Complainants Colonial Downs, L.P., and Stansley Racing Corp.'s Application for Stay of Decision Pending Judicial Review, and memoranda were received and argument was heard.

This case arises from a decision by the Virginia Racing Commission on the application of Colonial Downs, L.P., and Stansley Racing Corp. for live racing days for the year 2000. Colonial Downs holds a license to own a racetrack in New Kent County and four satellite wagering facilities in the cities of Richmond, Chesapeake, and Hampton, and Brunswick County. Stansley holds an operator's license to conduct race meets at the racetrack in New Kent and to conduct pari-mutuel wagering on simulcast races at the four satellite wagering facilities owned by Colonial Downs.

Complainants seek a temporary stay of an order entered by the Virginia Racing Commission on December 20, 1999, pending judicial review of the Commission's decision. The Commission issued the order after a public hearing with notice held on December 15, 1999. Notice for the hearing was sent by the Commission's Executive Secretary to the President of Colonial Downs by letter dated December 6, 1999. The letter is attached to Complainants' Application as Exhibit 1. The notice states:

Pursuant to 11 VAC 10-20-220, the Virginia Racing Commission will hold a public hearing on Colonial Downs' 2000 racing days request on December 15, 1999, at 9:30 a.m. in Courtroom B of the Tyler Building, 1300 East Main Street, Richmond, Virginia.

After describing Complainants' request and inviting comment from "persons desiring to participate," the notice requests the personal appearance at the hearing of various horsemen's associations including the Virginia Harness Horsemen's Association. Next, the notice announces:

The commission will consider the criteria in 11 VAC 10-20-2000 in approving, denying or giving its qualified approval to the 2000 racing days request.

It was not contested that the notice incorrectly cited the intended regulation, 11 VAC 10-20-220.

At the hearing on December 15, 1999, Complainants requested that the Commission not require that the track have any live standardbred racing in 2000. VHHA told the Commission that Complainants must conduct standardbred racing because of contracts still in effect between VHHA and Complainants. The contracts set a schedule under which Complainants would deposit portions of simulcast proceeds into a Standardbred Purse Account.

Complainants contended that the contracts terminated in August 1999. Complainants further asserted that VHHA had never raised the issue with Complainants before and that the Commission did not indicate that it would investigate and render a decision on the contract. Therefore, Complainants were unprepared at the Commission's hearing for assignment of racing days to offer evidence supporting Complainants' contention as to its contract. The Commission ruled orally and in a written Final Order that Complainants were to continue making deposits to the Standardbred Purse Account according to the terms of the contract.

Later, the order discusses some facts behind Complainants' debts to vendors, including a letter to the Commission from one vendor saying Complainants' debt may cause the vendor to end their relationship. The Commission found that Complainants' "accounts payable seem to be worsening, rather than improving, and the Commission finds that the constant turmoil associated with [Complainants'] payables casts doubt on the track's long-term viability." The Commission continues, "The racing industry needs confidence that Complainants will be viable and able to run live racing." The order, then, conditions the award of racing days on Complainants' bringing

"all accounts payable current (not more than 90 days in arrears) by February 29, 2000."

The order further instructs the Executive Secretary to approve simulcast wagering schedules only if Complainants comply with the terms of the order. The order ends by directing Complainants to provide the Executive Secretary with the requisite evidence to prove their compliance.

Although Complainants' appeal may challenge the Commission's decision on additional grounds, Complainants ask for a stay of the following decisions of the Commission:

1. That Complainants must deposit moneys into the Standardbred Purse Account pursuant to the VHHA contracts;

2. That Complainants must make all accounts payable no more than 90 days in arrears by February 29, 2000;

3. That the Commission's Executive Secretary receives the authority to withhold approval of monthly simulcast schedules if the Executive Secretary is not satisfied that Complainants are complying with all the terms of the order.

Complainants also challenge the Commission's written delegation to the Executive Secretary on the grounds that the Commission orally granted the Executive Secretary narrower authority only to review Complainants' compliance with the accounts payable portion of the order. However, the court is convinced that the proper scope of review in this case is confined to the Commission's written Final Order and will, therefore, reject Complainants' arguments to the extent they are based on oral rulings of the Commission in conflict with its written order.

The court exercises jurisdiction in this case pursuant to Va. Code § 9-6.14:18. Under Va. Code § 9-6.14:18, the court may grant a stay upon a finding that a stay is:

> required to prevent immediate, unavoidable, and irreparable injury and that the issues of law or fact presented are not only substantial but that there is probable cause for it to anticipate a likelihood of reversible error in accordance with § 9-6.14:17.

Virginia Code § 9-6.14:17 says that such error includes:

> (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the

factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidential support for findings of fact.

Here, Complainants assert that they face immediate and unavoidable harm due to the Commission's order because the requirement to pay approximately $92,000 per month under the Commission's ruling on the Standardbred Purse contracts would cause Complainants great financial hardship. Furthermore, the harm is irreparable because, should Complainants prevail in this case, they are not certain to be able to retrieve amounts placed in the purse for the duration of the litigation. Therefore, a judgment for money damages in Complainants' favor would not make Complainants whole.

The Commission contends that, in the event the order is reversed by the court, the court could order that Complainants receive a refund from the purse account. The Commission argues that a refund of funds would be readily available and sufficient and that the harm could be avoided through compliance with the order.

The court is not convinced that there would be money in the purse account by the end of this litigation. Furthermore, considering the notice presented by the Commission, the court is satisfied for the purpose of this motion as to the likelihood of Complainants' prevailing on the issue.

Therefore, the stay is granted as to the ruling on Complainants' contracts with VHHA. However, the court finds it appropriate to require that Complainants deposit the amounts they would otherwise have to deposit under the Commission's order with the Commission to be placed in a special account subject to further order of this court or, in the alternative, to post a bond in the amount of $200,000.00 with the Clerk of the court. Thus, in the event Complainants prevail, they will be able to receive their funds immediately. However, should the Commission's order be upheld, the funds will be deposited into the purse account pursuant to the order.

As regards the issue of making accounts payable current, Complainants assert that should the Executive Secretary decide that Complainants are not "making progress," the Executive Secretary could deny approval of Complainants' simulcast schedule costing the company approximately $80,000 per day. Additional immediate harm which Complainants already suffer is the fundamental change which the order worked in the dynamic of Complainants' leverage and bargaining with respect to its vendors. Should a vendor claim Complainants owe a sum and Complainants contest the amount, the Executive Secretary could halt Complainants' simulcast schedule pursuant

to the Commission's order. Again, the Commission argues that Complainants can avoid the harm through compliance and that money damages will suffice.

The court agrees with Complainants that the harm posed by the Commission's requirement that Complainants make progress to bring their accounts payable current to the Executive Secretary's satisfaction is immediate, unavoidable, and irreparable such that the statute is satisfied. Furthermore, considering the arguments on both sides and upon review of the notice of the hearing given to Complainants, the court finds a likelihood of success on this substantial issue for Complainants. Therefore, the stay as to this issue is also granted.

Considering the court's rulings on the two issues above, Complainants' challenge to the delegation of authority to the Commission's Executive Secretary need not be addressed.

It is, therefore, ordered that a stay of the Final Order of the Virginia Racing Commission dated December 20, 1999, is granted in accordance with this opinion and is conditioned upon Colonial Downs, L.P., and Stansley Racing Corp. depositing the amounts they would otherwise deposit into the Standardbred Purse Account under the Commission's order with the Commission or, in the alternative, posting a bond in the amount of $200,000.00 with the Clerk of the Court. Both parties' objections are noted. The parties shall schedule a hearing on the appeal within 45 days of the date of this order.